Mr. Chief Justice Shepard
delivered the opinion of the ■Court:
Tbis is an interference proceeding involving priority of invention of a process for wood preservation, defined in the following issue;
“Tbe berein-described process of preserving wood, consist *312 ing in saturating the wood with creosote oil under pressure while entirely submerged, then removing all free oil, and then immediately subjecting the wood to the action of a vacuum to withdraw most of the oil from the pores and cells thereof.”
Max Ruping filed application October 10th, 1904. Cuthbert R. Lowry filed October 23d, 1905, and obtained a patent September 18th, 1906. As the first patent issued pending the application of Ruping, it was rightly held that the burden of proof resting on Lowry as the junior party was not shifted.
The three tribunals of the Office in succession awarded priority to Lowry.
The earliest date awarded Ruping was that of filing his application, but each tribunal found that it made no difference if his claim of date September, 1904, be allowed him.
The Examiner of Interferences found that Lowry conceived the invention long prior to Ruping’s introduction of it into this country, and that he did not derive his knowledge of it from Ruping’s agents. That he successfully reduced it to practice with an experimental apparatus in the shops of the “Big Four” Railroad Company, at Riverside, Ohio, in November, 1903. That he communicated it to others, and in the spring of 1904 began efforts to build a plant at Shirley, Indiana, for the operation of the process, which was prosecuted with diligence, and the process put into commercial operation on the completion of the plant. He found that Lowry’s claim of conception in the spring of 1902 had. not been sufficiently corroborated.
The Examiner-in-Chief concurred with the Examiner of Interferences in all respects save the reduction to practice at Riverside in 1903.
On account of Lowry’s earlier and independent conception, and subsequent diligence, they concurred in awarding priority to him.
The Commissioner agreed in all respects with the Examiner of Interferences.
Lowry died during the taking of the testimony, and the litigation has been continued by his legal representatives.
*313 The concurring decisions in favor of Lowry impose a serious-burden upon Ruping on this final appeal.
An able and earnest attack has been made upon the conclusions of the Commissioner. The contention is that the evidence on behalf of Lowry utterly fails to show a conception of the process by Lowry, much less its reduction to practice-at Riverside in 1903; that Ruping conceived the same earlier, introduced its knowledge into this country early in 1904, and' that it was communicated by his agents to Lowry. It is further contended that, in any view of his claim of conception, Lowry was not following it up with diligence at the time off Ruping’s entry in the field.
In the light of these contentions, we have carefully examined and considered the entire evidence presented in the record. It has been fully, fairly, and ably reviewed in the several decisions below. We think it unnecessary to do more than state our conclusions. We are not convinced that there was error in the award of priority to Lowry’s representatives. We agree with the Commissioner that the earliest date to be given toRuping is that of making his application, and that Lowry had an earlier and independent conception of the process of the-issue. While we doubt that his evidence of reduction to practice at Riverside in 1903 is sufficient, we think that he had a clear conception of it at the time, and communicated it to-others before receiving information of Ruping’s disclosures.
In considering the knowledge that Lowry may have had of Ruping’s process, as claimed, we concur with the Examiner-of Interferences that some confusion is due to the resemblances between the process disclosed by Ruping’s prior patent and that of the issue. Both processes disclose what has heen called the empty-cell method as contradistinguished from the full-cell method that had been practised generally in preparing railway timbers.' The initial step of the Ruping patent was the subjection of the wood to a strong air pressure. This step is omitted in the Lowry process. Another difference is the time of application of the vacuum relative to the time-of removal of the free oil, which is expressed as follows in the issue: “Then. *314 removing all free oil, and then immediately subjecting the wood "to the action of a vacuum.” We agree also that the evidence is sufficient to show that Lowry, prior to the experiments with the Ruping process at Perth Amboy, in April, 1904, had begun plans for the erection of the Shirley plant, which were diligently followed by completion and the practice of the process on a ■large scale.
For the reasons given, the decision will be affirmed.
It is so ordered, and that this decision be certified to the ■Commissioner of Patents. Affirmed.